IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL ANTHONY KOURI[1]                                           PETITIONER
ADC # 156699

V.                              CASE NO. 5:18-CV-00255-KGB-JTK

DEXTER PAYNE, Director[2]                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

---

[1] Petitioner formerly went by the surname Mercouri. The Court granted his request on October 17, 2018, for him to go by his birth name instead. (DE # 6)
[2] Dexter Payne, replaced Wendy Kelley as Director of the Arkansas Department of Correction. Pursuant to Fed. R. Civ. P. 25(d), Dexter Payne is automatically substituted as Respondent in this matter.

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Amended Petition for Writ of Habeas Corpus (DE # 8) be DISMISSED with prejudice.

## Background

Petitioner was found guilty by a Pulaski County Circuit Court jury of aggravated robbery; the jury also found that he was not armed with a deadly weapon for purposes of the firearm enhancement.[3]  (DE # 11-2 pgs. 14-16)  He was sentenced to a total of 120 months in the Arkansas Department of Correction.  *Id.*  Petitioner filed a direct appeal of the conviction arguing that: (1) the evidence was insufficient to support his conviction; and (2) the trial court erred in denying his motion to set aside the verdict of guilt on the aggravated robbery charge because the verdict was inconsistent with the jury's findings that he was not armed with a deadly weapon.  (DE # 11-3)

---

[3] The firearm charge was set for a separate trial but was eventually nolle prossed.  (DE # 11-2 pg. 15)

On February 4, 2016, the Arkansas Supreme Court affirmed Petitioner's conviction and sentence. *Mercouri v. State*, 2016 Ark. 37.  On April 22, 2016, Petitioner filed for post-conviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure.  (DE # 11-4)  Petitioner argues in the petition that his trial and appellate counsel were ineffective in violation of his Fifth, Sixth, and Fourteenth Amendment rights.  *Id.* at 15-24.  In support of his argument, Petitioner alleges a litany of grounds for relief based upon ineffective assistance of counsel.  *Id.*  The circuit court denied Petitioner's post-conviction relief petition on December 14, 2016.  (DE # 11-4 pgs. 40-50)  Petitioner appealed the denial of his Rule 37.1 petition, alleging the trial court erred in holding that trial and appellate counsel were not ineffective on Petitioner's behalf in violation of the Sixth and Fourteenth Amendment.  (DE # 11-5 pgs. 2-14)  The Arkansas Court of Appeals affirmed the denial of Rule 37.1 post-conviction relief on January 31, 2018.  *Mercouri v. State*, 2018 Ark. App. 74.

On October 9, 2018, Petitioner timely filed a petition for writ of habeas corpus (DE # 2), pursuant to 28 U.S.C. § 2254.  On October 22, 2018, Petitioner filed an Amended Petition (DE # 8), asserting the following grounds for relief:

1. The evidence at trial was insufficient to prove guilt beyond a reasonable doubt for aggravated robbery;

2. Trial counsel was ineffective for:

   (a) failing to investigate and present a coherent defense;
   (b) failing to present evidence sufficient to warrant a jury instruction on the lesser-included offense of robbery; and
   (c) failing to excuse juror Delreal for cause; and

3. Appellate counsel was ineffective for:

   (a) submitting a brief completed by Petitioner and not participating in the direct appeal;
   (b) arguing "frivolous and meritless grounds" and abandoning any potential grounds that had merit;

      (c) failing to argue error by the trial court in refusing to admit into evidence Petitioner's settlement with the victim's employer for an injury he sustained on the job;

      (d) failing to argue error for the trial court's refusal to give a jury instruction on the lesser-included offense of robbery;

      (e) failing to argue error by the trial court for denying his motion seeking recusal of the trial judge; and

      (f) failing to argue error by the trial court for denying his motion to set aside the verdict.

(DE # 8)  Respondent filed his Response on November 5, 2018, admitting that Petitioner is in his custody and he has no unexhausted, non-futile state remedies available to him.  (DE # 11) Respondent denies, however, that Petitioner is entitled to an evidentiary hearing and argues the petition should be dismissed because Petitioner's claims are procedurally defaulted and the remaining ineffective assistance of counsel claims were reasonably adjudicated in state court.  *Id.* Petitioner filed his Reply on November 19, 2018, clarifying some of the issues he argues were misrepresented by Respondent.  (DE # 12)

## DISCUSSION

A.  Procedural Default

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him.  *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a

showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. Failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman*, 501 U.S. at 753). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995);

*Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

(1) Ground 1

Petitioner first claims the evidence at trial was insufficient to prove guilt beyond a reasonable doubt for aggravated robbery. At trial, Petitioner argued the evidence was insufficient because there was no evidence, other than Perry's testimony, that he was armed with a deadly weapon. (DE # 11-2 pg. 152)   Petitioner abandoned that argument on appeal and instead argued the verdict was inconsistent with a conviction for aggravated robbery, and was therefore, insufficient to convict him.  (DE # 11-3 pgs. 2-4)  The Arkansas Supreme Court affirmed the trial court's denial of Petitioner's motion for directed verdict because the argument he raised on appeal was not the basis of his directed verdict motion at trial, and therefore it was not preserved for appellate review.  *Mercouri*, 2016 Ark. 37, at 3.  Accordingly, Petitioner's claim is procedurally defaulted.  Furthermore, Petitioner has not established cause for the default and actual prejudice because of the alleged violations of federal law.

(2) Ground 3(c), (e), and (f)

Petitioner claims that his appellate counsel was ineffective for failing to argue error by the trial court in refusing to admit evidence of Petitioner's settlement with his former employer for an injury he sustained on the job; for failing to argue error by the trial judge in denying his motion seeking recusal of the trial judge; and for failing to argue error by the trial court in denying his motion to set aside the verdict.  None of these claims were raised in the Rule 37.1 petition, or the appeal thereof.  Accordingly, Petitioner's claims are procedurally defaulted.  Petitioner also has not established cause for the default and actual prejudice because of the alleged violations of federal law.

6

B.  Deference to State Court Decision

Petitioner's remaining claims, Ground 2 and Ground 3(a), (b), and (d), were adjudicated in state court; therefore, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply.  *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect."  *Id*. (quoting *Williams*, 529 U.S. at 410-11).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense.  *Id.* at 688.  An attorney's performance is deficient when it falls below "an objective standard of reasonableness."  *Id*.  The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  *Strickland* points out that it is tempting for a defendant to second-guess the assistance of counsel after a conviction, and easy for a court to determine that a decision of counsel was unreasonable after a defense has proven unsuccessful. *Id.* at 689.  Instead, however, the Court held that "a fair assessment of attorney performance requires that every effort

7

be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Id.* Furthermore, a court "must indulge a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance; that is, the defendant must overcome the

presumption that, under the circumstances, the challenged action 'might be considered sound trial

strategy'." *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

(1)  Ground 2(a)

Petitioner raised this claim of ineffective assistance of his trial counsel for failing to present

a coherent defense in his Rule 37.1 petition as well as the 37.1 appeal.  The Arkansas Court of

Appeals, therefore, adjudicated the claim and analyzed it under *Strickland*.  To support his claim,

Petitioner argued on appeal that some dialogue that took place between the trial judge and trial

counsel established that the circuit court itself could not determine what the defense's theory was

for purposes of counsel's request for a lesser-included jury instruction.  *Mercouri*, 2018 Ark. App.

74, at 6-8.  The Arkansas Court of Appeals held as follows:

> However, in its order, the circuit court explained that this exchange was
> solely an inquiry regarding the requested jury instruction for the lesser-
> included offense of simple robbery and that trial counsel did present a defense
> of general denial.  Matters of trial strategy and tactics, even if arguably
> improvident, fall within the realm of counsel's professional judgment and are
> not grounds for a finding of ineffective assistance of counsel.  While a better
> strategy may seem apparent to Mercouri now, judicial review of trial
> counsel's performance is highly deferential, and Mercouri fails to offer
> evidence that counsel's approach was objectively unreasonable.  Moreover,
> his contention that "counsel basically did nothing" fails because, as the circuit
> court explained in its order,
>
>> The Defendant's attorney presented an opening statement, subjected
>> the State's witnesses to cross-examination, offered a Motion for
>> Directed Verdict, attempted to influence the Court to instruct the
>> jury on a lesser-included offense, offered closing statements to the
>> jury, and presented testimony on the Defendant's behalf in the
>> sentencing phase of the trial.

*Id.* at 7-8. Citations omitted. The court, therefore, held that Petitioner had unsuccessfully established how counsel's performance was deficient. This Court finds that the Arkansas Court of Appeals properly applied *Strickland*, and gives deference to the court's ruling on Petitioner's claim as set forth in Ground 2(a) of the habeas petition.

(2) Ground 2(b)

This claim was also raised in Petitioner's post-conviction petition and appeal thereof. Petitioner argues his trial counsel was ineffective for failing to present evidence sufficient to warrant a jury instruction on the lesser-included offense of robbery. The Arkansas Court of Appeals held that Petitioner failed:

> "to establish a reasonable probability that the outcome of his trial would have been different had the circuit court given the lesser-included offense instruction. Mercouri focuses his argument on his contention that counsel failed to present any evidence and that he should have called Mercouri to testify on his own behalf to explain that either no gun had been used or that no threats had been made. However, Mercouri first fails to explain what other evidence counsel could have presented, and he fails to elucidate what specific testimony he would have given to provide a rational basis for the lesser-included offense instruction had he been called as a witness."

*Mercouri*, 2018 Ark. App. 74, at 8-9. For these reasons, the Court finds that trial counsel's assistance and defense was the result of reasonable professional judgment, and not deficient under *Strickland.*

(3) Ground 2(c)

Petitioner's last claim for ineffective assistance of his trial counsel is for failure to excuse juror Delreal for cause. He alleges that Delreal admitted prejudice against him when she admitted she could not reconcile the presumption of innocence with the right not to testify. Applying *Strickland*, the Arkansas Court of Appeals held that Petitioner did not meet his burden of proving

that the juror was biased against him. *Mercouri*, 2018 Ark. App. 74, at 13. Furthermore, the court pointed out that while the potential juror expressed uncertainty regarding a defendant who does not testify, when pressed further by defense counsel, she admitted that she could be impartial. *Id.* Lastly, the court reiterated that "[p]rospective jurors who state that they can lay aside prior impressions or opinions and render a verdict based on the evidence presented at trial are qualified to serve as jurors." *Id.* This Court finds the Arkansas Court of Appeals properly applied *Strickland*, and therefore, this claim should be denied.

(4) Ground 3(a)

Petitioner argues his appellate counsel was ineffective for submitting a brief that was completed by the Petitioner and essentially not participating in the direct appeal. This claim was adjudicated in state court, and this Court does not find that the court's adjudication of the claim is contrary to or involved an unreasonable application of *Strickland*. The court held that "Defendant provides no case law for the proposition that general ineffectiveness on appeal is ground for post-conviction relief. . . Defendant's speculation that there were other issues that Ogles should have raised on appeal might be correct, but without identifying them, this Court cannot apply the case law to them." (DE # 11-4 pgs. 49-50) Because the Defendant did not meet his burden of showing there could have been a specific issue raised on appeal that would have resulted in the appellate court declaring reversible error, the court held that the allegation failed. *Id.* at 49. The claim should be dismissed.

(5) Ground 3(b) and 3(d)

Petitioner's remaining claims both involve allegations that his appellate counsel was ineffective in the direct appeal. Ground 3(b) alleges his appellate counsel was ineffective because he only argued frivolous and meritless grounds and abandoned any potential grounds that had

merit. (DE # 8 pgs. 56-57) The Arkansas Court of Appeals addressed this claim on the merits and held Petitioner's argument that his counsel was ineffective for "winnowing out the stronger arguments and focusing on one that had absolutely no chance of success" was merely a speculative allegation that was not sufficient to establish a claim for relief under a theory that counsel was ineffective on direct appeal. This Court agrees. It cannot be said the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law; therefore, deference is given to the Arkansas Court of Appeal's ruling on Petitioner's claim.

Similarly, the Arkansas Court of Appeals handled Petitioner's ineffective assistance of counsel claim set forth in Ground 3(d) of his petition in the same manner. Petitioner argues his appellate counsel was ineffective by failing to argue on appeal that the trial court erred by not instructing the jury on the lesser-included offense of simple robbery. The court once again held that Petitioner failed to establish how he could have prevailed with this issue on appeal. *Mercouri*, 2018 Ark. App. 74, at 15. Because the Arkansas Court of Appeals reasonably adjudicated this claim, it should be denied.

Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

Conclusion

Based on the foregoing, it is recommended that the amended habeas petition (DE #8) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 3rd day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE